IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15–cv–01020–WYD-KMT

SHELBY DERIDDER,

      Plaintiff,

v.

DELTA ZETA SORORITY NATIONAL HOUSING CORPORATION,
DELTA XI CHAPTER AT THE UNIVERSITY OF NORTHERN COLORADO,
UNIVERSITY OF NORTHERN COLORADO,
THE BOARD OF TRUSTEES OF THE UNIVERSITY OF NORTHERN COLORADO, and
JOHN AND JANE DOE 1-5,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter comes before the court on Plaintiff's Notice to Court (Doc. No. 10) filed July 1 2015 in response to the Order to Show Cause entered on May 21, 2015 (Doc. No. 4). The court ordered Plaintiff to show cause why this action should be dismissed for lack of subject matter jurisdiction.

In her Complaint, filed May 14, 2015, Plaintiff asserts state-law claims for statutory negligence, negligence, and negligent hiring and supervision against Defendants based on a slip and fall accident that occurred on the University of Northern Colorado campus in January 2014. (*See generally* Doc. No. 1.) Plaintiff maintains that this court has subject matter jurisdiction over

this case based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] (*Id.* ¶ 6.) Plaintiff alleges that she is a resident and citizen of the State of Colorado with her principal residence in Highlands Ranch, Colorado. (*Id.* ¶ 1.)

In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver,* 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the court's duty to do so. *See Laughlin v. Kmart Corp.,* 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Laughlin, 50 F.3d at 873.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Const. Co.,* No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

Diversity jurisdiction is governed by 28 U.S.C. § 1332(a), which provides in pertinent part: "The district courts shall have original jurisdiction of all civil actions where the matter in

---

[1] Plaintiff's Complaint also refers to 28 U.S.C. § 1346(b). (Compl. ¶ 6.) However, that statute grants jurisdiction over claims against the United States under the Federal Tort Claims Act. 28 U.S.C. § 1346(b). The United States is not a party here.

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Diversity jurisdiction requires complete diversity, meaning that no defendant is a citizen of the same state as any plaintiff. *McPhail v. Deere & Co.,* 529 F.3d 947, 951 (10th Cir. 2008) ("Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs").

Plaintiff has sufficiently alleged that she and Defendant Delta Zeta Sorority National Housing Corporation ("Delta Zeta Housing Corporation") are citizens of different states. (Compl. ¶ 2) (alleging that Delta Zeta Housing Corporation is an entity with its principal offices located in Butler County, Ohio and business offices located in Oxford, Ohio.) However, as stated in the Order to Show Cause, Plaintiff has failed to establish that the remaining defendants citizens of a different state. Indeed, it appears that the remaining defendants are either citizens of Colorado, like Plaintiff, or not "citizens" for purposes of diversity jurisdiction at all.

First, although not clear from Plaintiff's allegations, it appears that Defendant Delta Xi Chapter at the University of Northern Colorado is an unincorporated association. An unincorporated association is a citizen of every state in which its members are citizens. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.,* --- F.3d ----, 2015 WL 1430335, at *4 (10th Cir. Mar. 31, 2015 ("only those state-created entities that are corporations, in the traditional understanding of that word, will be treated as a person for purposes of diversity jurisdiction"). Plaintiff has not alleged the citizenship of the Delta Xi Chapter's members or that none of its members are citizens of Colorado. Absent such allegations, diversity jurisdiction cannot exist.

Second, the Colorado Supreme Court has concluded that Defendants University of Northern Colorado ("UNC") and the Board of Trustees of the University of Northern Colorado ("Board of Trustees") are arms of the State of Colorado. *Graham v. State,* 956 P.2d 556, 562-65 (Colo. 1998).[2]  "A State cannot be a 'citizen' of itself for purposes of diversity jurisdiction" under § 1332(a). *University of R.I.,* 2 F.3d at 1202 (citing *Moor v. Cnty. of Alameda,* 411 U.S. 693, 717 (1973); *Postal Tel. Cable Co. v. Alabama,* 155 U.S. 482 (1894)). *See also Md. Stadium Auth. v. Ellerbe Becket Inc.,* 407 F.3d 255, 260 (4th Cir. 2005). Thus, if "one party to an action is not a citizen, and therefore not able to sue or be sued in federal court under § 1332, the district court does not have jurisdiction over the action under § 1332, even if all other parties to that action are citizens of different states." *Md. Stadium Auth.,* 407 F.3d at 260.  Accordingly, because UNC and the Board of Trustees are both arms of the State of Colorado, the court lacks diversity jurisdiction over Plaintiff's claims. *See Wilkins v. Kan. Dep't of Labor,* No. 6:12-cv-01363-JAR-KMH, 2013 WL 591767, at *2 (D. Kan. Feb. 14, 2013) (dismissing for lack of diversity jurisdiction state law claims asserted by a Kansas citizen against the Kansas Department of Labor, an arm of the State of Kansas).[3]

---

[2] The Colorado Supreme Court reached this conclusion in addressing whether UNC and the Board of Trustees are entitled to sovereign immunity from civil rights claims under 42 U.S.C. § 1983. *See generally Graham,* 956 P.2d 556. Nevertheless, the analysis for determining whether a state entity is entitled to sovereign immunity is largely identical to analysis for determining whether a state entity is a "citizen" for purposes of diversity jurisdiction. *University of R.I. v. A.W. Chesterton Co.,* 2 F.3d 1200, 1202 (1st Cir. 1993).

[3] Even assuming UNC and the Board of Trustees are not arms of the state, but instead are public corporations, they are accorded similar treatment to private corporations for diversity purposes. *Univ. of R.I.,* 2 F.3d at 1203. The diversity statute provides that a corporation is deemed to be a citizen of every State in which it has been incorporated or has its principal place of business. 28 U.S.C. § 1332(c)(1). In her Complaint, Plaintiff alleges that both UNC and the Board of Trustees are entities with their principal offices in Weld County, Colorado. (Compl. ¶¶ 4-5.) As

In her Notice to Court, Plaintiff does not dispute that diversity jurisdiction is lacking in this action and therefore concedes that this case is property dismissed without prejudice for lack of subject-matter jurisdiction. (*See* Notice.) Accordingly, for the foregoing reasons, the court respectfully

RECOMMENDS that this action be DISMISSED without prejudice for lack of subject matter jurisdiction.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

---

such, even if they are not arms of the state, UNC and the Board of Trustees are citizens of the same state as Plaintiff, and therefore destroy diversity jurisdiction.

5

does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of July, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge