IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   15-cv-01020-WYD-KMT

SHELBY DERIDDER,

    Plaintiff,

v.

DELTA ZETA SORORITY NATIONAL HOUSING CORPORATION,
DELTA XI CHAPTER AT THE UNIVERSITY OF NORTHERN COLORADO,
UNIVERSITY OF NORTHERN COLORADO,
THE BOARD OF TRUSTEES OF THE UNIVERSITY OF NORTHERN COLORADO,
and
JOHN AND JANE DOE 1-5,

    Defendants.

## ORDER OF DISMISSAL

    THIS MATTER is before the Court on the Recommendation of United States Magistrate Judge filed July 8, 2015.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).  The Recommendation was issued after Magistrate Judge Tafoya ordered Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction by Order of May 21, 2015.  In response to that Order, Plaintiff filed a Notice to Court on July 1, 2015.

    As noted in the Recommendation, Plaintiff maintains that the court has subject matter jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Recommendation at 1-2.  Magistrate Judge Tafoya finds, however, that complete diversity does not exist between the parties, and thus recommends that the case be

dismissed for lack of subject matter jurisdiction. *Id.* at 3-5. Further, she states that in her Notice to Court, Plaintiff does not dispute that diversity jurisdiction is lacking and concedes that this case is properly dismissed without prejudice.

Magistrate Judge Tafoya advised the parties that specific written objections were due within fourteen days after service of a copy of the Recommendation. Recommendation at 5. No objections were filed to the Recommendation. No objections having been filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings:). Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

Having reviewed the Recommendation, I am satisfied that there is no clear error on the face of the record. I agree with Magistrate Judge Tafoya that this case must be dismissed for lack of subject matter jurisdiction due to a lack of diversity amongst the parties. Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge dated July 8, 2015, is **AFFIRMED and ADOPTED**. In accordance therewith, it is

---

[1] Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review, Fed. R. Civ. P. 72(b).

ORDERED that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Dated: August 13, 2015

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge